# EXHIBIT A

Andrew B. Austin, Esq.
Pennsylvania Bar # 323768
P.O. Box # 54628
Philadelphia, PA 19148
+1 (610) 656-1956
austin@stackhousegroup.com


*Filed and Attested by the
Office of Judicial Records
10 MAY 2021 06:57 pm
S. RICE*

*Attorney for Plaintiffs*

| | |
|---|---|
| **Gun Owners of America**, Inc, <br> **Gun Owners Foundation**, <br> David **Cotugno**, Ross **Gilson**, Vern **Lei**, <br> Michael **Strollo**, *Plaintiffs*; <br><br> vs. <br><br> City of **Philadelphia,** *Defendant*. | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> May Term, 2021 <br><br> *No.* _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defend- erse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o noti- ficación. Además, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA- MENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 210500884

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Come now, Plaintiffs, by and through counsel, and for their Verified Complaint for Declaratory and Injunctive Relief, state as follows:

Plaintiffs bring this action seeking a declaratory judgment and permanent injunction and, in the interim, a preliminary injunction to return to the status quo as it existed prior to Defendants' actions, pending resolution of the claims raised herein.

**JURISDICTION AND VENUE**

1.      This Court has unlimited original jurisdiction under 42 Pa. C.S. §§ 931, 7532–33 and 7536.

2.      Venue is proper before this Court as the Defendant is a municipality located within – and all acts of Defendants occurred within – this judicial district. 42 Pa. C.S. § 931, Pa. R.C.P. 2103 (b).

**PARTIES**

3.      Plaintiff Gun Owners of America, Inc. ("GOA") is a California not-for-profit non-stock corporation with its principal place of business at 8001 Forbes Place, Springfield, VA 22151. GOA is organized and operated as a non-profit membership organization that is exempt from federal income taxes under IRC Section 501(c)(4). GOA was incorporated in 1976 to preserve, protect, and defend the Second Amendment rights of gun owners, along with similar state provisions like Article I, Section 21 of the Pennsylvania Constitution. GOA has more than 2 million members and supporters, including residents of Philadelphia, Pennsylvania. GOA's members and supporters in Philadelphia are being irreparably harmed by the challenged

2

Case ID: 210500884

ordinance. GOA routinely litigates across the country to defend its members and supporters' right to keep and bear arms.

4.    Plaintiff Gun Owners Foundation ("GOF") is a Virginia non-stock corporation with its principal place of business in Virginia, at 8001 Forbes Place, Springfield, VA 22151. GOF is organized and operated as a nonprofit legal defense and educational foundation that is exempt from federal income taxes under § 501(c)(3) of the IRC. GOF is supported by gun owners across the country, including Philadelphia residents who are being irreparably harmed by the challenged ordinance. GOF routinely litigates across the country to defend its supporters' right to keep and bear arms.

5.    Plaintiff David Cotugno is an adult individual residing at 9147 Ellie Drive, Apt. B, Philadelphia, Pennsylvania, 19114. Plaintiff Cotugno is a law-abiding person who is eligible under federal and state law to purchase and possess firearms, and to privately manufacture firearms for his own use. Plaintiff Cotugno is a member of Gun Owners of America. Plaintiff Cotugno is and continues to be irreparably harmed by the challenged ordinance. Plaintiff Cotugno is an avid firearms hobbyist and owns tools related to and intended for the private manufacture of firearms. Plaintiff Cotugno would like to manufacture his own firearm receiver from a kit (*e.g.* an 80% frame) if not for the challenged ordinance prohibiting the same.

6.    Plaintiff Ross Gilson is an adult individual residing at 1323 South Hancock Street, Philadelphia, Pennsylvania, 19147. Plaintiff Gilson is a law-abiding person who is eligible under federal and state law to purchase and possess firearms, and to privately manufacture firearms for his own use. Plaintiff Gilson is a member of Gun Owners of America. Plaintiff Gilson is and continues to be irreparably harmed by the challenged ordinance. Plaintiff Gilson

Case ID: 210500884

is an avid firearms hobbyist and owns tools related to manufacture of firearms, including jigs intended for the purpose of completing unfinished lowers. Plaintiff Gilson also owns unfinished firearm frames or receivers, including 80% lower kits, that he intends to and wishes to complete into functional firearms. Plaintiff Gilson would be able to undertake these activities if not for the challenged ordinance prohibiting the same.

7.      Plaintiff Vern Lei is an adult individual residing at 1324 South Howard Street, Philadelphia, Pennsylvania, 19147. Plaintiff Lei is a law-abiding person who is eligible under federal and state law to purchase and possess firearms, and to privately manufacture firearms for his own use. Plaintiff Lei is a member of Gun Owners of America. Plaintiff Lei is and continues to be irreparably harmed by the challenged ordinance. Plaintiff Lei is an avid firearms hobbyist and has manufactured his own personal firearms in the past prior to enactment of the challenged ordinance, and thus owns "firearm finishing devices" including tools that previously have been used primarily for that purpose. Additionally, Plaintiff Lei wishes to buy a 3D printer, which he would use to create a firearm. Plaintif Lei would further like to manufacture additional firearms from kits (*e.g.* 80% lowers). Plaintiff Lei would be able to undertake these activities if not for the challenged ordinance prohibiting the same.

8.      Plaintiff Michael Strollo is an adult individual residing at 5447 Houghton Place, Philadelphia, Pennsylvania, 19128. Plaintiff Strollo is a law-abiding person who is eligible under federal and state law to purchase and possess firearms, and to privately manufacture firearms for his own use. Plaintiff Cotugno is a member of Gun Owners of America. Plaintiff Strollo is and continues to be irreparably harmed by the challenged ordinance. Plaintiff Strollo owns an

Case ID: 210500884

unfinished firearm frame which he wishes to complete into a functional firearm, and would do so if not for the challenged ordinance prohibiting the same.

9.      Defendant City of Philadelphia is a Municipal Corporation of the First Class of the Commonwealth of Pennsylvania Under the First Class City Home Rule Act of April 21st, 1949, P.L. 665, § 1, *et seq.*

## RELEVANT STATE LAW

*Philadelphia's Ordinance, Bill No. 200593*

10.     On January 27, 2021, Philadelphia Mayor Jim Kenney signed Bill No. 200593 (the "Ordinance") into law. *See* Certified Copy of Bill No. 200593, attached as Exhibit "A".[1]

11.     Prior to the challenged Ordinance, Chapter 10-2000 of the Philadelphia Code prohibited any person but a Type 07[2] federal firearms licensee ("FFL") (Firearm Manufacturer) from "us[ing] a three-dimensional printer to create any firearm, or any piece or part thereof…." Prior to the Ordinance, such a violation was a Class III offense.[3]

---

[1] Also available online at https://phila.legistar.com/View.ashx?M=F&ID=9093319&GUID=73838B96-F917-48E4-8C04-6A5D11373E78 (last accessed 4.14.2021).

[2] Technically, a Type 10 FFL, "Manufacturer of Destructive Devices, Ammunition for Destructive Devices, or Armor Piercing Ammunition," may also manufacture firearms.

[3] To be clear, Plaintiffs challenge **the entirety of** Sections 10-2000 and 10-2004 as they presently exist, including the pre-existing prohibitions on 3-D printing as existed prior to enactment of the challenged ordinance. At times, Plaintiffs use the term "challenged ordinance" but refer to both the new and pre-existing prohibitions.

Case ID: 210500884

12.     The sponsor of the Ordinance, Councilmember Kenyatta Johnson, claimed that "My ghost gun
        law … does not prohibit the manufacturing of guns, it just requires that it be done by licensed
        manufacturers in accordance with state and federal law."

13.     In reality, as of January 2021, there was a grand total ***one*** Type 07 FFL located within the city
        of Philadelphia, and ***zero*** Type 10 FFLs.[4] The rest of the City's 1.6 million residents are
        prohibited from manufacturing firearms under the Ordinance.

14.     Bill 200593, however, greatly expands the City's prohibitions on manufacturing and finishing
        partially constructed homemade firearms, outlaws the transfer of "firearm finishing devices"
        which can include common household tools, and imposes severe penalties for violation of its
        prohibitions.

15.     The Ordinance's purpose was stated as "Amending Chapter 10-2000 of The Philadelphia Code,
        entitled 'Use of Three-Dimensional Printer to Manufacture Firearms,' to change the Chapter
        title, to add definitions, to add additional prohibitions on use of three-dimensional printers, to
        impose prohibitions relating to the transfer, use, or conversion of unfinished firearms and
        certain equipment, the manufacture of firearms, and to prescribe additional penalties for
        violations of this Chapter; all under certain terms and conditions." The Ordinance redefines
        "firearm" to mirror 18 Pa. C.S. Section 6120(b), which does not define "firearm" but rather, in
        turn, looks to 18 Pa. C.S. Section 5155(a)'s definition of "firearm" as "any weapon which is
        designed to or may readily be converted to expel any projectile by the action of an explosive;
        or the frame or receiver of any such weapon."

---

[4] https://www.atf.gov/firearms/docs/undefined/0121-ffl-list-pennsylvaniaxlsx/download

Case ID: 210500884

16.     The Ordinance first defines certain additional terms in § 10-2001, including the following:

    a.    *Unfinished frame or receiver*. A piece of any material that does not constitute a firearm, but that has been shaped or formed in any way for the purpose of becoming the frame or receiver of a firearm. Ordinance at ¶ 4.

    b.    *Finished frame or receiver*. Any frame or receiver that does not require additional milling or other modification to be capable of expelling a projectile when combined with additional components such as a barrel. Ordinance at ¶ 5.

    c.    *Firearm finishing mill*. Any computer numerical control mill or other automated device designed to aid the conversion of an unfinished frame or receiver into a finished frame or receiver. Ordinance at ¶ 6.

    d.    *Firearm finishing jig*. A jig designed to aid the conversion of an unfinished frame or receiver into a finished frame or receiver. Ordinance at ¶ 7.

    e.    *Firearm finishing device*. Any device, such as a firearm finishing mill or jig, which has as its primary purpose to aid the conversion of an unfinished frame or receiver into a finished frame or receiver. Ordinance at ¶ 8.

    f.    *Regulated Items*. Unfinished frames or receivers and firearm finishing devices. Ordinance at ¶ 10.

17.     After adding these new definitions, the Ordinance next creates various "restrictions on possession, use, transfer, or manufacture" of homemade firearms, unless done by a Type 07 FFL. The Ordinance makes it illegal:

7

Case ID: 210500884

a.  to "(a) use a three-dimensional printer to create any firearm … attachment thereto";

b.  to "(b) use any additive manufacturing process in order to produce a firearm.;

c.  to (c) convert an unfinished frame or receiver into a finished firearm";

d.  to "sell" or "transfer" or purchase" or "accept transfer of" a "firearm finishing device or an unfinished frame or receiver unless the transferor and transferee are both federal firearms licensees."

18.  Finally, the Ordinance greatly expands existing penalties. The Ordinance specifies that a violation of the code is a Class III offense set forth in § 1-109 of the Code, which is punishable by a fine of $2,000 for "any violation committed on January 1, 2009 or thereafter…". §1-109(e) The Philadelphia Code.

19.  However, if a person commits "multiple violations of this Chapter, whether or not on more than one occasion, shall be guilty of a separate offense of Repeat Violation, and for each such Repeat Violation shall be subject to imprisonment for not more than ninety (90) days. A person shall be guilty of a Repeat Violation regardless whether the second or subsequent violation occurs before or after a judicial finding of a first or previous violation. Each violation, after the first, shall constitute a separate Repeat Violation offense." (creating new § 10-2004 of The Philadelphia Code.)

*Pennsylvania Law*

20.  The Pennsylvania Constitution states that "[t]he right of the citizens to bear arms in defense of themselves and the State shall not be questioned." Pa. Const. Art. I, § 21.

Case ID: 210500884

21.     The Pennsylvania Uniform Firearms Act states that "[n]o county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth." 18 Pa.C.S. § 6120.

22.     As such, the Pennsylvania statute completely preempts the Ordinance in question.[5]

23.     No Pennsylvania or federal law prevents a law-abiding citizen from the private manufacture of a firearm for his own use, whether through 3-D printing or by completing an unfinished frame or receiver. Likewise, no Pennsylvania or federal law prohibits a person from transferring or using a "firearm finishing device" or "firearm finishing jig" in manufacturing a private firearm.

## ALLEGATIONS

24.     Philadelphia's Ordinance violates 18 Pa.C.S. § 6120 as it regulates lawful conduct that the General Assembly has explicitly prohibited Philadelphia from regulating. The Ordinance also violates Article I, Section 21 because it prohibits a person from making a firearm to use for lawful purposes including self-defense. Finally, the ordinance violates the principles of due process and void for vagueness.

25.     Article I, Section 21 of the Pennsylvania Constitution states plainly that "[t]he right of the citizens to bear arms in defense of themselves and the State shall not be questioned." Because

---

5 Ironically, the City which was once the birthplace of the Constitution now denies the right to manufacture firearms for private use outside the government's prying eyes. Yet the private making of firearms is an activity as old as the Republic itself, and one without which this nation may never have come to exist.

Case ID: 210500884

before one can "bear" an arm, it must be acquired, it is beyond serious debate that Article I, Section 21 protects a corresponding right to acquire a firearm, just as the freedoms of speech and press protects the right to acquire books, paper and ink.

26.   Article I, Section 21 categorically and unequivocally protects certain persons (the citizens) engaged in certain activities (bearing) with respect to certain weapons (arms). All three are met here.

27.   Because the Ordinance places impediments on Philadelphian's right to acquire (the tools necessary to make a firearm) the Ordinance is unconstitutional on its face.

28.   There is no federal prohibition on manufacturing a firearm for personal use, nor is there any such prohibition imposed by Pennsylvania law. For example, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") website[6] provides answers to commonly asked questions, one of which is "Does an individual need a license to make a firearm for personal use?" ATF proves the following response: "No, a license is not required to make a firearm solely for personal use. However, a license is required to manufacture firearms for sale or distribution." 18 U.S.C. § 922(o), (p) and (r); 26 U.S.C. § 5822; 27 CFR § 478.39, 479.62 and § 479.105.

29.   While the Ordinance is not a model of clarity, it attempts to regulate otherwise lawful conduct of completing an "unfinished frame or receiver" (also colloquially called an 80% lower or receiver) into a privately made firearm. The ordinance also prohibits using an "additive

---

6 https://www.atf.gov/firearms/qa/does-individual-need-license-make-firearm-personal-use (last accessed 4.14.2021).

Case ID: 210500884

process" such as a 3-D printer to manufacture a firearm. Finally, the ordinance regulates common tools used to perform these activities.

30.    The term "80% receiver" is not found in any statute or regulation, because such items are not firearms and are not regulated by federal law in any way. The ATF website[7] sets out the question: "What is an '80%' or 'unfinished' receiver?" The response provided is: "'80% receiver,' '80% finished,' '80% complete' and 'unfinished receiver' are all terms referring to an item that some may believe has not yet reached a stage of manufacture that meets the definition of 'firearm frame' or 'receiver' according to the Gun Control Act (GCA). These are not statutory terms and ATF does not use or endorse them."

31.    However, ATF has long taken the position that "[r]eceiver blanks that do not meet the definition of a "firearm" are not subject to regulation under the Gun Control Act (GCA)."[8]

32.    Just as it is not a firearm under federal law, an unfinished receiver is not a "firearm" under Pennsylvania law, which defines "firearm" as a "weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon." 18 Pa. C.S. 5155. An unfinished frame or receiver by definition is not yet a "frame or receiver." Likewise, because it is incapable of firing a projectile, it is not readily convertible to a firearm until the manufacturing process is first completed.

**COUNTS**

---

7 https://www.atf.gov/firearms/qa/what-%E2%80%9C80%E2%80%9D-or-
%E2%80%9Cunfinished-receiver (last accessed 4.14.2021).

8 See https://www.atf.gov/firearms/qa/are-%E2%80%9C80%E2%80%9D-or-
%E2%80%9Cunfinished%E2%80%9D-receivers-illegal (last accessed 4.14.2021).

Case ID: 210500884

*COUNT I – FIREARMS PREEMPTION (18 Pa.C.S. § 6120)*

33.  Plaintiffs allege and reincorporate the prior paragraphs as if set forth herein.

34.  Philadelphia's Ordinance prohibits its residents from privately manufacturing firearms for their own use, either from an unfinished 80% frame or receiver, or from scratch using a 3-D printer. The Ordinance also regulates common tools and machines that can be used in these processes.

35.  By prohibiting the private manufacture of firearms, the Ordinance thus regulates the "ownership" and "possession" of firearms by its residents.

36.  Philadelphia's Ordinance thus is preempted and thus prohibited by Pennsylvania law, which prohibits regulation of "the lawful ownership, possession, transfer or transportation of firearms."

37.  Because Philadelphia's Ordinance is preempted by 18 Pa.C.S. § 6120, it is of no force and effect and should be struck down on its face.

38.  In *Schneck v. Philadelphia*, 34 Pa. Commw. 96, 100, 383 A.2d 227, 229 (1978), the Commonwealth Court of Pennsylvania stated that "it is a well-established principle of law that where a state statute preempts local governments from imposing regulations on a subject, any ordinances to the contrary are unenforceable."

39.  In *Schneck*, the Commonwealth Court enjoined the enforcement of an ordinance purporting to regulate the acquisition and transfer of firearms in Philadelphia because § 6120 "clearly preempts local governments from regulating the lawful ownership, possession and transportation of firearms…" *Id.* at 101.

12

Case ID: 210500884

40.     The Pennsylvania Supreme Court has affirmed the wide reach of 18 Pa.C.S. § 6120.

41.     *In Ortiz v. Commonwealth*, 545 Pa. 279, 285, 681 A.2d 152, 155 (1996), the Pennsylvania

        Supreme Court held that "the act limiting municipal regulation of firearms and ammunition,

        applies in every county including Philadelphia."

42.     *Ortiz* held that, "because ownership of firearm is constitutionally protected, its regulation is a

        matter of statewide concern." *Id*. at 287. Because the ordinance in *Ortiz*, which purported to

        ban certain types of assault weapons, violated 18 Pa.C.S. § 6120, it was preempted by

        Commonwealth law.

43.     Numerous other cases have held that § 6120 means what it says and, specifically, that

        Philadelphia cannot pass its own ordinances which regulate firearms. Yet, time and again,

        Philadelphia deliberately flaunts and ignores state law and judicial precedent, passing

        ordinance after ordinance that regulates constitutionally protected items and activities that it

        may not regulate.

44.     In *Clarke v. House of Representatives*, 957 A.2d 361, 362 (Pa. Commw. Ct. 2008), "the

        Philadelphia City Council passed seven gun ordinances []" and petitioned the court to declare

        § 6120 unconstitutional and to allow the seven gun ordinances to take immediate effect.

45.     The court rejected Philadelphia's claim, sustained the preliminary objections filed in the

        matter, and dismissed the petition. *Id*. at 365. The Court stated further that, "[w]hile we

        understand the terrible problems gun violence poses for the city and sympathize with its efforts

        to use its police powers to create a safe environment for its citizens, these practical

Case ID: 210500884

considerations do not alter the clear preemption imposed by the legislature, nor our Supreme Court's validation of the legislature's power to so act." *Id*.

46.    In *U.S. Law Shield of Pa., LLC v. City of Harrisburg*, No. 2015 00255 EQ, 2015 Pa. Dist. & Cnty. Dec. LEXIS 21, at *18 (C.P. Feb. 25, 2015), the Common Pleas Court of Dauphin County enjoined the City of Harrisburg "from enforcing ordinances § 10-301.13 B, C (Parks - Hunting, firearms and fishing); § 3-355.2 A (1), (2), (3), B (8) (Emergency measures); and § 3-345.1 (Possession of firearms by minors) as these ordinances apply to firearms under [§ 6120]" (*Id*. at 18) because "the three city ordinances …, are more restrictive than state law and therefore, regulate 'lawful' conduct." *Id*. at 8.

47.    Because Philadelphia's latest unlawful Ordinance likewise regulates "lawful" conduct and is completely preempted by § 6120, it must be enjoined and struck as violative of § 6120.

Case ID: 210500884

## COUNT II – ARTICLE I, SECTION 21

48.     In order to "bear arms," firearms must be manufactured or acquired. Thus, there are additional ancillary rights protected by and Article I, Section 21 of the Pennsylvania Constitution, [9] including "'a corresponding right to obtain' the 'necessary' arms and ammunition" (*Jackson v. City and County of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014)) through means such as purchase, private transfer, and private, non-commercial assembly or manufacture. *See Bezet v. United States*, 276 F. Supp. 3d 576, 605 (E.D. La. 2017) (restrictions on 'the use of imported parts to assemble a firearm . . . likely impinge on the rights of law-abiding, responsible citizens . . . to acquire' firearms), *aff'd* 714 F. App'x 336, 341 (5th Cir. 2017); *see also Bateman v. Perdue*, 881 F. Supp. 2d 709, 716 (E.D. N.C. 2012) (finding unconstitutional a state law prohibiting the sale of firearms during states of emergency, because "the statutes strip peaceable, law abiding citizens of the right to arm themselves in defense of hearth and home").

49.     The Ordinance's prohibition on the private manufacture of firearms, parts, and attachments prohibits City residents from "acquiring" firearms and the necessary "parts to assemble a firearm" to use to defend themselves, and thus infringes Article I, Section 21 rights..

---

[9] Due to the similarity of the federal and state provisions, this Complaint and accompanying Motion for Preliminary Injunction references authorities under the Second Amendment, although – for avoidance of confusion – this case seeks relief solely on state law grounds. However, federal cases are certainly persuasive. *See Commonwealth v. Doolin*, 24 A.3d 998, 1003, 2011 Pa. Super. LEXIS 1096, *12, 2011 PA Super 133 ("the holdings of federal circuit courts may serve as persuasive authority in resolving analogous cases.") Moreover, it is logical that the rights of Pennsylvanians under its State Constitution can be no less expansive than under the Second Amendment to the United States Constitution. *See McDonald v. City of Chicago*, 561 U.S. 742 (2010).

Case ID: 210500884

*COUNT III – DUE PROCESS VAGUENESS*

50.     Pursuant to Pennsylvania law, a penal statute must "define the criminal offense with sufficient

        definiteness that ordinary people can understand what conduct is prohibited and in a manner

        that does not encourage arbitrary and discriminatory enforcement." *Commonwealth v. Barud*,

        545 Pa. 297, 304, 681 A.2d 162, 165 (1996) (citations omitted). If a statute fails this test, it is

        void for vagueness.[10]

51.     In this case, the Ordinance is vague because it may require a federal firearms license to transfer

        of a number of common household items (such as sandpaper or a utility knife) which could be

        used to assist in manufacturing or finishing a firearm, depending on a person's "primary

        purpose" for owning such tools and machines. Home Depot sells a number of "jigs" which

        easily could be used to aid in the finishing of a firearm.[11]

52.     The Ordinance also bans a person from using a "three-dimensional printer to create any

        firearm, or any piece or part thereof or attachment thereto." This might mean that a person

        could not 3-D print items as benign as a plastic mount for a flashlight,[12] a different color cover

        for a picatinny rail,[13]or even a small charm or bangle to attach to a firearm, such as on a sling.

---

[10] *See, e.g., Commonwealth v. Bell*, 537 Pa. 558, 562 (1992) (referring to the "the due process clause of Article 1, Section 9 of the Pennsylvania Constitution); *Commonwealth v. Davidson*, 595 Pa. 1, 26-27 (2007) (finding that a statute "is not void for vagueness under Article I, Section 9 of the Pennsylvania Constitution or under the Fourteenth Amendment.").
[11] https://www.homedepot.com/s/jig (last accessed 4.19.2021).
[12] https://assets.pinshape.com/uploads/image/file/40949/container_pistol-tactical-accessories-clamp-3d-printing-40949.jpg
[13]
https://cdn.shopify.com/s/files/1/1616/4683/products/PicatinnyRailCover2_530x@2x.jpg?v=1557866914

Case ID: 210500884

53.  Next, an "unfinished frame or receiver" is defined as a "piece of material … that has been shaped or formed *in any way* for the purpose of becoming the frame or receiver of a firearm." Emphasis added. This might mean that a "0% receiver"[14] (*i.e.*, a solid block of aluminum) is illegal in Philadelphia because it constitutes a "piece of material" that has been cut to the size which can be formed into an AR-15 lower receiver.

54.  The scope of each of these definitions and prohibitions is left to the reader's imagination, and a prosecutor's arbitrary enforcement. Moreover, it is unclear on whom the burden would fall to prove (or disprove) what the "primary purpose" or "the purpose" of an item is, or whether a trinket is really an "attachment" for a firearm.

55.  Because the Ordinance is vague in that it does not provide reasonable standards to guide future conduct, it violates Plaintiffs' and all other law-abiding citizens' due process rights. *See Commonwealth v. Barud,* 545 Pa. 297, 305, 681 A.2d 162, 165 (1996) ("Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct).

---

[14] https://www.80percentarms.com/products/0-billet-ar-15-lower-receiver/

Case ID: 210500884

## RELIEF REQUESTED

**WHEREFORE**, premises considered, Plaintiffs pray that this Court issues an order preliminarily and permanently enjoining the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the Ordinance in any way.

Plaintiffs further pray that this Court enter Declaratory Judgment that the Ordinance violates § 6120 and is preempted as a matter of law, violates Article 1 § 21 of the Pennsylvania Constitution, violates due process, and is void for vagueness.

Finally, Plaintiffs pray that this Court award them reasonable expenses including attorney's fees pursuant to 18 Pa.C.S. § 6120, costs and any or all such other relief this Court may find is just and proper.

Respectfully Submitted,

_____
**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
P.O. Box # 54628
Philadelphia, PA 19148
+1 (610) 656-1956
austin@stackhousegroup.com

Case ID: 210500884

## VERIFICATION OF ERICH PRATT

I, Erich Pratt, hereby state that I am Senior Vice President of Gun Owners of America, Inc., an organizational plaintiff in this action, and declare as follows:  I have reviewed this Complaint, and all statements and information contained within are true and correct to the best of my knowledge, information, and belief.  Further, I understand that the statements in this Complaint are subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities).


*Erich Pratt*

**Erich Pratt**
Senior Vice President
Gun Owners of America, Inc.


DATED: *5-10-21*

Case ID: 210500884

## VERIFICATION OF DAVID COTUGNO

I, David Cotugno, hereby state that I Plaintiff in this action, and declare as follows: I have reviewed this Complaint, and all statements and information contained within are true and correct to the best of my knowledge, information, and belief. Further, I understand that the statements in this Complaint are subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities).

**David Cotugno**

DATED: 5/9/21

## VERIFICATION OF ROSS GILSON

I, Ross Gilson, hereby state that I Plaintiff in this action, and declare as follows: I have reviewed this Complaint, and all statements and information contained within are true and correct to the best of my knowledge, information, and belief. Further, I understand that the statements in this Complaint are subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities).

_Ross Gilson_

**Ross Gilson**

DATED: _5 - 9 - 2021_

Case ID: 210500884

## VERIFICATION OF VERN LEI

I, Vern Lei, hereby state that I am a Plaintiff in this action and declare as follows: I have reviewed this Complaint, and all statements and information contained within are true and correct to the best of my knowledge, information, and belief. Further, I understand that the statements in this Complaint are subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities).

**Vern Lei**
Plaintiff

DATED: **9 MAY 21**

Case ID: 210500884

# VERIFICATION OF MICHAEL STROLLO

I, Michael Strollo, hereby state that I Plaintiff in this action, and declare as follows:  I have re-
viewed this Complaint, and all statements and information contained within are true and correct to
the best of my knowledge, information, and belief. Further, I understand that the statements in this
Complaint are subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to au-
thorities).

**Michael Strollo**

DATED: 5/10/2021

Case ID: 210500884

# EXHIBIT A

Bill No. 200593

1

Case ID: 210500884

# City of Philadelphia



(Bill No. 200593)

AN ORDINANCE

Amending Chapter 10-2000 of The Philadelphia Code, entitled "Use of Three-Dimensional Printer to Manufacture Firearms," to change the Chapter title, to add definitions, to add additional prohibitions on use of three-dimensional printers, to impose prohibitions relating to the transfer, use, or conversion of unfinished firearms and certain equipment, the manufacture of firearms, and to prescribe additional penalties for violations of this Chapter; all under certain terms and conditions.

*THE COUNCIL OF THE CITY OF PHILADELPHIA HEREBY ORDAINS:*

SECTION 1.  Chapter 10-2000 of The Philadelphia Code is hereby amended to read as follows:

CHAPTER 10-2000. [USE OF THREE-DIMENSIONAL PRINTER TO] *UNLAWFUL* MANUFACTURE *OF* FIREARMS

§ 10-2001.  Definitions.

(1)	Firearm. Any *item classified as a firearm as defined in 18 Pa. C.S. § 6120(b).* [device designed, made or adapted to expel a projectile through a barrel by using the energy generated by an explosive or burning substance or any device readily convertible to that use.]

(2)	Three-dimensional printer. A computer-driven machine capable of producing a three-dimensional object from a digital model.

(3) *Additive manufacturing.  A manufacturing process in which material is laid down in succession in order to produce the product, including but not limited to three-dimensional printing.*

(4) *Unfinished frame or receiver.  A piece of any material that does not constitute a firearm, but that has been shaped or formed in any way for the purpose of becoming the frame or receiver of a firearm.*

(5) *Finished frame or receiver. Any frame or receiver that does not require additional milling or other modification to be capable of expelling a projectile when combined with additional components such as a barrel.*

(6) *Firearm finishing mill. Any computer numerical control mill or other automated device designed to aid the conversion of an unfinished frame or receiver into a finished frame or receiver.*

Case ID: 210500884

# City of Philadelphia

*BILL NO.* 200593 *continued*                                                    Certified Copy

(7) *Firearm finishing jig. A jig designed to aid the conversion of an unfinished frame or receiver into a finished frame or receiver.*

(8) *Firearm finishing device. Any device, such as a firearm finishing mill or jig, which has as its primary purpose to aid the conversion of an unfinished frame or receiver into a finished frame or receiver.*

(9) *Federal firearms licensee. A person who is licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives to engage in the business of manufacturing, importing or dealing of firearms.*

(10) *Regulated Items. Unfinished frames or receivers and firearm finishing devices.*

§ 10-2002. Restriction*s on Possession*, Use, *Transfer, or Manufacture*.

(1)          No person*, unless licensed to manufacture firearms under federal law,* shall*:*

(a)   use a three-dimensional printer to create any firearm, or any piece or part thereof *or attachment thereto*[, unless such person possesses a license to manufacture firearms under Federal law, 18 U.S.C. § 923(a).]*;*

(b) *use any additive manufacturing process in order to produce a firearm; or*

(c) *convert an unfinished frame or receiver into a finished firearm.*

(2) *No person shall sell or otherwise transfer a firearm finishing device or an unfinished frame or receiver unless the transferor and transferee are both federal firearms licensees.*

(3) *No person shall purchase or otherwise accept transfer of a firearm finishing device or an unfinished frame or receiver unless the transferor and transferee are both federal firearms licensees*

§ 10-2003. Penalties.

(1) A violation of this Chapter shall be a Class III offense and subject to a fine as set forth in § 1-109 of this Code.

(2) *Multiple Prohibited Actions or Regulated Items.*

(a) *Where conduct prohibited by this Chapter involves multiple prohibited actions, such as manufacturing and transferring, each prohibited action shall constitute a separate violation.*

---

*City of Philadelphia*                                   - 2 -

Exhibit A                                                                                                      3

Case ID: 210500884

# City of Philadelphia

*BILL NO.* 200593 *continued*                                              Certified Copy

      *(b) Where a prohibited action involves multiple regulated items, each regulated item involved in the prohibited action shall be considered a separate prohibited action, and shall constitute a separate violation.*

*§ 10-2004.  Criminal Violations.*

      *(1) Any person who commits multiple violations of this Chapter, whether or not on more than one occasion, shall be guilty of a separate offense of Repeat Violation, and for each such Repeat Violation shall be subject to imprisonment for not more than ninety (90) days. A person shall be guilty of a Repeat Violation regardless whether the second or subsequent violation occurs before or after a judicial finding of a first or previous violation. Each violation, after the first, shall constitute a separate Repeat Violation offense.*

      *(2) Any person who commits a violation of this Chapter with intent to commit a crime is subject to imprisonment of not more than ninety (90) days.*

*§ 10-2005.  Severability.*

      *Each of the provisions of this Chapter are severable, and if any provision or portion thereof is held invalid, the remaining provisions shall not be affected, but shall remain in full force and effect.*

_____

**Explanation:**

[Brackets] indicate matter deleted.
*Italics* indicate new matter added.

Exhibit A                                                                                    4

Case ID: 210500884

# City of Philadelphia

*BILL NO.* 200593 *continued*                                                    Certified Copy

CERTIFICATION:  This is a true and correct copy of the original Bill, Passed by the City Council on December 10, 2020.  The Bill was Signed by the Mayor on January 27, 2021.

*Michael A. Decker*
Michael A. Decker
Chief Clerk of the City Council

*City of Philadelphia*                        - 4 -

Exhibit A                                                                                    5

Case ID: 210500884