**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:21-cv-2630-TJS Case in other Court |
| CITY OF PHILADELPHIA, | ) ) ) | Court of Common Pleas of Philadelphia County, Civil |
| Defendant. | ) ) ) | No. 00884 |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

**Table of Contents**

COURSE OF PROCEEDINGS ....................................................................................3

ARGUMENT

I.       THE COMMONWEALTH'S CLAIMS ARE FRIVOLOUS ...........................................4

         A.      Defendant Has Not Met a Single One of the Prerequisites for Removal................6

         B.      This Case Presents No Second Amendment Question, Not Even an
                 Indirect One ...........................................................................................9

II.      EVEN IF THIS COURT COULD EXERCISE JURISDICTION, IT SHOULD APPLY
         PRINCIPLES OF ABSTENTION AND REMAND THE CASE TO STATE COURT ..12

         A.      *Younger* Abstention .............................................................................12

         B.      *Pullman* Abstention .............................................................................13

         C.      This Court Should Decline Jurisdiction Under 1367(c) .......................................13

III.     PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER 28
         U.S.C. § 1447(C) ................................................................................14

CONCLUSION.......................................................................................17

**Table of Authorities**

CONSTITUTIONS

U.S. Constitution, Amendment II ..............................................................................3, 9, 11, 13
Pennsylvania Constitution, Article I, § 21 ...................................................................3, 9, 11
Virginia Constitution, Article I, § 13 ............................................................................9


STATUTES

28 U.S.C. § 1331.........................................................................................................4, 11
28 U.S.C. § 1367(c) ...................................................................................................13, 14
28 U.S.C. § 1441(a) .......................................................................................................4
28 U.S.C. § 1446............................................................................................8, 14, 15
28 U.S.C. § 1447(c) .......................................................................................................15


REGULATIONS

F.R.Civ.P. 11 ...............................................................................................................15


CASES

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214 (3d Cir. 2015)............................5
*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) ....................................................................9
*Colonial First Properties v. Henrico Co. Virginia*, 166 F. Supp. 2d 1070 (E.D. Va. 2001)......12
*Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177 (4th Cir. 2014) ...............................6
*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ...............................5
*Graham v. County of Albemarle*, 826 F. Supp. 167 (W.D. Va. 1993) ......................................13
*Gunn v. Minton*, 568 U.S. 251 (2013) ..................................................................................6, 8
*Hawaii Housing Authority v. Midkiff*, 467 U.S. 229 (1984)......................................................12
*Lynchburg Range & Training v. Northam*, 455 F. Supp. 3d 238 (W.D.Va. 2020) ...............9, 10
*Mall v. Sports Favorites, Inc.*, 2008 U.S. Dist. LEXIS 37960 (E.D. Pa. 2008) .................15, 16
*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) .......................................................15, 16
*Meredith v. Talbot County, Md.*, 828 F.2d 228 (4th Cir. 1987) ...............................................13
*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) ...................................................6
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)............................................11
*Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't*,
      973 F.2d 169 (3d Cir. 1992).......................................................................................12
*Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941) ............................................13
*Younger v. Harris,* 401 U.S. 37 (1971).....................................................................................12

## COURSE OF PROCEEDINGS

1.      On May 10, 2021, Plaintiffs filed their "Complaint for Declaratory and Injunctive Relief" (hereinafter "Complaint") against Defendant City of Philadelphia ("Defendant") in the Court of Common Pleas for Philadelphia County.  Plaintiffs filed with their Complaint five supporting verifications, along with one exhibit (Philadelphia Ordinance Bill No. 200593).

2.       Plaintiffs' Complaint sought a declaratory judgment finding that the Philadelphia Ordinance, Bill No. 200593, is preempted by Pennsylvania state law; violates Article I, section 21 of the Pennsylvania Constitution; and violates the due process/vagueness provisions of the Pennsylvania Constitution.  Plaintiffs also sought injunctive relief enjoining Defendant from enforcing the Ordinance.

3.      Plaintiffs brought no claim under the Second Amendment, or any other provision of the U.S. Constitution or federal law.  Indeed, Plaintiffs expressly disavowed making any claim under the Second Amendment.  *See* Complaint ¶ 48, n.9.[1]

4.      On May 27, 2021, counsel for Defendant inquired with Plaintiff's counsel whether "Plaintiffs would consent to a 30-day extension for the City to respond to the Complaint."  Plaintiffs through counsel eventually agreed to "extend the time for the City to respond to the Complaint to June 10, 2021."  Counsel's agreement thus was predicated on the notion that the extension was to permit Defendant to "respond to the Complaint."

5.      However, contrary to the representations of Defendant's counsel, instead of "respond[ing] to the Complaint," Defendant instead filed this removal action on June 10, 2021,

---

[1] "Due to the similarity of the federal and state provisions, this Complaint and accompanying Motion for Preliminary Injunction references authorities under the Second Amendment, although – **for avoidance of confusion – this case seeks relief solely on state law grounds**. **However, federal cases are certainly persuasive.** *See Commonwealth v. Doolin*, 24 A.3d 998, 1003, 2011 Pa. Super. LEXIS 1096, *12, 2011 PA Super 133 ('the holdings of federal circuit courts may serve as persuasive authority in resolving analogous cases.')."  Emphasis added.

the same day its answer was due in the Court of Common Pleas, notifying Plaintiffs' counsel of its filing by email at 4:55PM.

6.       Defendant first asserts that "Plaintiffs' preemption claim is premised on the representation that the activities regulated by the Ordinance are otherwise lawful under federal law. *Id*. ¶¶ 28, 30-31."  Defendant argues that "Plaintiffs' claim necessitates analysis of the Gun Control Act of 1968 and the definition of a firearm under 18 U.S.C. 921(a)(3)."  Notice of Removal, ¶ 2.  Defendant provides no analysis or explanation for this claim and cites to no authorities in support.

7.       Next, Defendant argues that "Plaintiffs' Complaint also requires the Court to determine the boundaries of the United States Constitution.  *See id*. at FN 9."  Again, Defendant provides no analysis or explanation for this claim and cites to no authorities in support.

8.       Defendant's Notice of Removal invokes this Court's jurisdiction under 28 U.S.C. Section 1331, but provides not a shred of legal analysis or even a single citation to authority for its claim that resolution of Plaintiffs' Complaint somehow raises any federal question at all, much less one that permits removal to this Court.

## ARGUMENT

## I.       THE COMMONWEALTH'S CLAIMS ARE FRIVOLOUS.

28 U.S.C. § 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In turn, 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

The U.S. Supreme Court has rejected the "expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).  In this Circuit, the party seeking removal bears the burden of showing that removal is proper.  *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).  The "removal statute … is strictly construed, requiring remand if any doubt exists over whether removal was proper."  *Id.*  Defendant utterly fails to meet its burden to show that removal was proper.

As Plaintiffs explained in their Complaint, the challenged Philadelphia Ordinance "attempts to regulate otherwise lawful conduct," including a ban on a private individual manufacturing an "'unfinished frame or receiver'" into a firearm, and a ban on using a 3D printer to manufacture a firearm frame or receiver.  Complaint ¶ 29.  Explaining that this conduct is "otherwise lawful" under state and federal law, Plaintiffs simply noted that "[t]here is no federal prohibition on manufacturing a firearm for personal use, nor is there any such prohibition imposed by Pennsylvania law."  Complaint ¶ 28.  To back up that statement, Plaintiffs referred to statements by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that "'a license is not required to make a firearm solely for personal use,'" and that terms such as "'unfinished receiver' … refer[] to … '[r]eceiver blanks that do not meet the definition of a firearm'" and that "'[t]hese are not statutory terms and ATF does not use or endorse them.'"  Complaint ¶¶ 28, 30-31.  Similarly, Plaintiffs noted that "[j]ust as it is not a firearm under federal law, an unfinished receiver is not a 'firearm' under Pennsylvania law, which defines 'firearm' as a 'weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon.' 18 Pa. C.S. 5155."  Complaint ¶ 32.  These statements provide context to Plaintiffs' Pennsylvania constitutional and statutory

claims, but in no way raise a federal question, much less one that should be resolved by this Court.

### A.    Defendant Has Not Met a Single One of the Prerequisites for Removal.

As the Fourth Circuit notes, "[a] civil action can 'arise under' federal law in two ways," the first being "'when federal law creates the cause of action asserted.'"  *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014).  That is obviously not the case here, as each of Plaintiffs' asserted claims are predicated on the Pennsylvania Constitution and statutes.

The "second, more narrow basis" for a matter to "'arise under' federal law" applies "to a state-law cause of action implicating a 'significant' federal issue."  *Id*.  The Supreme Court describes this as a "'special and small category'" (*Gunn v. Minton*, 568 U.S. 251, 258 (2013)), and a "slim category" of cases.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The Supreme Court has further explained that, in order to fit into this narrow category, the federal issue must be "(1) necessarily raised,[2] (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn* at 258.  Literally not one of those factors is met here.

First, there is no federal question in this case, because it does not take judicial inquiry or analysis to recognize that federal law does not have anything to say about the **activities** that are prohibited by the Philadelphia Ordinance (private manufacture of firearms for personal use).  Nor does resolution of this case "necessitate[] analysis of the Gun Control Act of 1968 and the definition of a firearm under 18 U.S.C. 921(a)(3)" to recognize that the **devices** at issue *are not*

---

[2]  This question involves whether "the federal issue must have been 'necessarily raised' in the litigation," meaning the party bringing the claim "cannot prevail in its foreclosure action without resorting to" federal law.  *Flying Pigs* at 182.

firearms and *do not* fall under the Gun Control Act.[3]  Notice of Removal, ¶ 2.  Indeed, ATF (the federal government) has said as much.  It seems axiomatic that statements that something is *not* a federal issue do not raise a federal question.  Indeed, Defendant's removal fails as a matter of law because it (at best) alleges that a federal question exists, but fails to allege that such question is "significant" enough to meet the "arising under" test.

Even if there were some sort of federal issue implicated by Plaintiffs' Complaint, it most certainly is not "necessarily raised" in order for Plaintiffs to prevail in their state law challenges to the Philadelphia Ordinance.  At best, the paragraphs of Plaintiffs' Complaint to which Defendant objects merely provide basic background information, allowing the reader to get the lay of the land in order to better understand the case.  Indeed, if removal were allowed, Plaintiffs could voluntarily dismiss their Complaint and immediately refile the case in state court, without including the paragraphs to which Defendant objects, and the outcome *would not be affected in any way*.  Short of being "necessary" to their state law claims, Plaintiffs' statements about the contours of federal law have no bearing on resolution of the case – serving only as a vehicle to grant Philadelphia a delay in the litigation of Plaintiffs' purely state claims.

Second, Defendant has never "disputed" Plaintiffs' claims, either below or in its notice of removal.  Nor could it dispute these claims.  Indeed, the agency responsible for enforcing federal firearms laws explicitly states that federal law does *not* prohibit the private manufacture of firearms for personal use and that "an unfinished frame or receiver" *is not* a firearm and *is not*

---

[3]  Even pretending for a moment that federal law *did* regulate the private manufacture of firearms, or *did* regulate unfinished firearm parts, there *still* is no need to involve a federal court in order to decide exclusively state law preemption and constitutional claims.  For example, federal law bans possession and use of marijuana.  But if a Philadelphia ordinance also banned marijuana, that does not mean that only a federal court could consider a claim that the Philadelphia ordinance was preempted by Pennsylvania law, or that the Philadelphia ordinance conflicted with the Pennsylvania Constitution.  The federal marijuana ban would have literally nothing to do with resolving those issues under state law.

regulated under federal law.  Defendant cannot base its claim on removal on these undisputed (and indeed indisputable) facts.

Third, for the same reason that Defendant's argument fails the first factor, it fails the third, because if there is no federal question raised at all, it certainly cannot be "substantial." The fact that Plaintiffs' Complaint provides background information and notes that federal law *does not* prohibit certain conduct and *does not* regulate certain objects does not raise any substantial federal question that must be resolved by a federal court.  Indeed, Plaintiffs' entire state law claims can (and expectedly will) be adjudicated without any reference to federal law.

Fourth, this Court's involvement in this purely state law issue would clearly "disrupt[] the federal-state balance approved by Congress."  *Gunn* at 258.  If the portions of Plaintiffs' Complaint to which Defendant objects were "necessarily" raised, that means it would be "necessary" to point out that federal law *does not* prohibit certain activities and *does not* regulate certain items, as a prerequisite to challenging a city ordinance which *does prohibit* those activities and *does regulate* those items.  This would lead to absurd results.  If Philadelphia decided next year to ban beach balls, and challengers to that ban pointed out that beach balls are not regulated by federal law, the City could argue that this too raises a federal question, thereby converting a state law challenge into a federal case.  That, quite obviously, is not the reason for Section 1446, and to permit removal here would thrust the federal courts into the middle of a purely state law dispute.

Defendant's claim of a federal question is based solely on the background statement that federal law is *not* implicated in the challenge to the Philadelphia Ordinance, and this does not present a federal question or meet even a single one of the criteria for removal.  This Court should reject Defendant's claims and remand this case.

**B.  This Case Presents No Second Amendment Question, Not Even an Indirect One.**

As its second claim as to why removal is appropriate, Defendant nakedly asserts that resolution of this case "requires the Court to determine the boundaries of the United States Constitution.  *See id*. at FN 9."  Notice of Removal, ¶ 2.  Not only is this not true, but also footnote 9 of Plaintiffs' Complaint explicitly *disavowed* any intent or desire to bring a Second Amendment claim.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("the plaintiff is the master of the complaint").  Besides referencing this single footnote in Plaintiffs' Complaint, Defendant provides absolutely no explanation of, or authority supporting, its curious claim, leaving Plaintiffs and this Court to speculate as to the basis for Defendant's baseless assertion.[4]  *See Caterpillar* at 399 ("a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated") (emphasis added).

Just last year, a federal district court in Virginia squarely addressed and rejected the very same removal tactic, this time by the Commonwealth of Virginia, in *Lynchburg Range & Training v. Northam*, 455 F. Supp. 3d 238 (W.D.Va. 2020).  In that case, Virginia had claimed that the plaintiffs were, in fact, not masters of their own complaint, and that their claim under Article I, Section 13 of the Constitution of Virginia should really be understood to be a Second

---

[4]  Moreover, Plaintiffs' only use of federal court cases dealing with the Second Amendment consists of a single paragraph citing three federal cases for the hardly objectionable proposition, in support of their Article I, Section 21 claim, that "[i]n order to 'bear arms,' firearms must be manufactured or acquired."  Complaint ¶ 48.  Use of federal court authorities is essentially to say "see, other courts agree in similar contexts."  This hardly raises a federal question requiring intervention by a federal court.

      Aside from that single paragraph and footnote, Plaintiffs' Complaint is entirely devoid of any reference to the Second Amendment or any other federal court cases.  As with Plaintiffs' passing references to federal law discussed above, this statement merely buttresses Plaintiffs' other arguments in support of their Article I, Section 21 claim, is in no way "necessary" to resolution of Plaintiffs' claim, and Plaintiffs could easily dismiss and refile without this allegedly offending paragraph.

Amendment claim – on the theory that the two provisions generally have been found by courts to have the same scope and meaning.  Of course, this would mean that no plaintiff could ever bring a challenge under a state constitutional provision which contains language mirroring a provision of the federal Constitution.  Indeed, state courts routinely interpret state constitutional provisions in line with substantially similar provisions in the U.S. Constitution.  That is the case with respect to dozens of state constitutions, in thousands of cases nationwide.

Flatly rejecting Virginia's argument, Judge Moon wrote that "questions can mirror one another and yet be asked separately," even if the ultimately "analysis … presumably would be the same" under either federal or state provision.  *Lynchburg Range* at 243.  As the court explained, just as a state constitutional claim does not equate to a federal constitutional claim, the opposite is also true:  "if Plaintiffs had brought their claim solely under the Second Amendment, this Court could not be said to have necessarily raised an issue arising under … any other state whose language mirrors the Second Amendment…."  *Id.* at 243-44 (citing various other courts "within the Fourth Circuit [that] have rejected similar attempts to remove actions solely alleging state constitutional violations without also pleading under the state provision's federal analogue.").

The district court in Virginia arrived at the conclusion that remand was appropriate despite the fact that "Plaintiffs cite almost exclusively to federal cases interpreting the Second Amendment in arguing that Defendants violated Article I, § 13."  *Id*. at 243.  Indeed, if the federal and state provisions use similar language, then it is likely they have similar meanings. And if they have similar meanings, then surely federal cases interpreting the federal right might have some persuasive value for a state court interpreting the state right, in the absence of available state precedents doing so.

10

Judge Moon's opinion thus squarely addresses the baseless claim made by Defendant here, that Plaintiffs' Article I, Section 21 claim somehow requires analysis of the Second Amendment, despite Plaintiffs' clear statements otherwise.  Indeed, Philadelphia's argument here is far less persuasive even than the Commonwealth of Virginia's, because Plaintiffs' Complaint in this case does not even refer to the Second Amendment, does not compare it to Article I, Section 21, and relies on only a few federal cases interpreting the Second Amendment for a minor point at best.  This Court should reject Defendant's frivolous claim that this tangential point somehow raises a federal question permitting removal and requiring resolution by this Court.

Because Plaintiffs have raised purely state law and state constitutional claims, this Court has no original jurisdiction in this action, making removal improper.  Federal law is clear on this issue:  on this type of state law claim, federal courts lack jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").  Defendant's removal is predicated on § 1331, but since this Court would not have "original jurisdiction" over this matter if it were originally filed here, remand is the only proper remedy.

11

II.    **EVEN IF THIS COURT COULD EXERCISE JURISDICTION, IT SHOULD APPLY PRINCIPLES OF ABSTENTION AND REMAND THE CASE TO STATE COURT.**

Even if there were a shred of a reason to find a federal question in this case, this Court nonetheless should abstain from exercising that jurisdiction and remand this case to the state court, as it is based exclusively upon significant issues of state law regarding the state's firearms preemption statute, and an attempt by Philadelphia to circumvent state resolution of these claims.

   A.  *Younger* **Abstention.**

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris,* 401 U.S. 37, 43 (1971). The philosophy of *Younger* also embraces a broader rule of comity, namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, "whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38, (1984). *See also Colonial First Properties v. Henrico Co. Virginia*, 166 F. Supp. 2d 1070 (E.D. Va. 2001).

Bearing these general principles in mind, *Younger* abstention is appropriate in this case because the following inquiries can be answered in the affirmative: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 173 (3d Cir. 1992). In this case, all three prongs are met. There is an ongoing state court proceeding (but for the removal), there are incredibly important state interests at stake, and there is clearly

an adequate opportunity to raise federal claims, although the Plaintiffs contend that they have raised none.

**B.** ***Pullman* Abstention.**

In *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), the U.S. Supreme Court held that abstention is appropriate when a court must resolve intricate and unsettled questions of state law before deciding federal constitutional issues.  Abstaining under these circumstances permits federal courts to refrain from deciding federal questions and to avoid any conflict with state policies.  *Pullman* at 500.  *See also Graham v. County of Albemarle*, 826 F. Supp. 167 (W.D. Va. 1993).  *Pullman* abstention is particularly appropriate where, as here, there are unsettled questions of state law that may dispose of the case and avoid the need for addressing any federal constitutional question at all.  *See Meredith v. Talbot County, Md.*, 828 F.2d 228 (4th Cir. 1987).  Indeed, Plaintiffs' primary argument below is that the Philadelphia Ordinance violates the Pennsylvania firearm preemption statute – a question of pure statutory interpretation.  A resolution of that primary claim in Plaintiffs' favor (something that Plaintiffs submit is likely based on existing case law striking down numerous similar violations by Philadelphia) would mean that it is not even necessary to delve into the state constitutional issues raised in Plaintiffs' Complaint.  This is certainly a matter that can and should be disposed of by a state court without the need to adjudicate any federal constitutional issue.

**C.  This Court Should Decline Jurisdiction Under 1367(c).**

Finally, while Plaintiffs disavowed raising a federal cause of action, even if this Court were to determine that it could have jurisdiction over any perceived Second Amendment issue, this Court may, pursuant to 28 U.S.C. § 1367(c), "decline to exercise supplemental jurisdiction over [state law] claim[s] if (1) the claim raises a novel or complex issue of State law, (2) the

claim substantially predominates over the claim or claims over which the district court has original jurisdiction,…. or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  For the reasons already set forth above, this case raises numerous novel and complex issues of state law that should, as a matter of comity and deference, be resolved by the state's courts.

It is readily apparent that state law claims dominate Plaintiff's complaint, as relief is sought *only* pursuant to state law, and any argument referencing federal law is merely persuasive and informative.  It is difficult to imagine a more appropriate situation for this Court to decline to exercise its jurisdiction, abstain, and return a case to the state court. Whether Philadelphia's firearm laws violate Pennsylvania's firearm preemption law and state constitution is a matter solely of state law and should be heard by state courts.

## III.    PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER 28 U.S.C. § 1447(C).

Defendant's removal of Plaintiffs' quintessentially state court action is frivolous.  The City of Philadelphia provides only naked assertions that there is a federal question, but does not explain its position, allege that this purported federal question is significant enough to make removal appropriate, or cite to a single authority in support, thus failing on its face to provide a "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a). Moreover, when Defendant's claims are scrutinized, it is abundantly clear that Defendant does not even have a colorable basis in which to lay the foundation for its removal.  Plaintiffs' Complaint does not raise any claims or make any allegations under the federal Constitution, United States laws, or treaties.  Rather, Plaintiffs disavowed federal causes of action.

Defendant's rationale for removal is baseless and frivolous, and thus subject to payment of Plaintiffs' attorneys' fees, expenses, and costs.

28 U.S.C. § 1446 requires that the "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure," including that the filing "is not being presented for any improper purpose, such as to … cause unnecessary delay, or needlessly increase the cost of litigation," and that the statements therein "are warranted by existing law or by a nonfrivolous argument…." F.R.Civ.P. 11. Here, Defendant's removal theory is not supported by even a cursory reading of the Complaint, is backed by no case law, and is entirely frivolous. Indeed, Defendant does not even attempt to support its naked allegations with argument or citation to legal authority. If Plaintiffs had filed their Complaint in federal court, it would have been subject to swift dismissal for want of federal question jurisdiction.

Even if this Court disagrees that Defendant's removal was just this side of frivolous, it should still assess costs and attorneys' fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. A party seeking fees need not establish that a notice of removal was frivolous. *See id*. Rather, "[i]n cases where the defect in removal 'is plain in the law and would have been revealed to counsel for the defendant with a minimum of research,' an award of fees is appropriate." *Mall v. Sports Favorites, Inc.*, 2008 U.S. Dist. LEXIS 37960, *6 (E.D. Pa. 2008) (finding that "Defendant's

15

argument … which lacks the support of even a single case and contradicts the text of the removal statute, is legally frivolous." *Id.* at *7).

Here, short of nakedly alleging that a federal question exists, Defendant has offered absolutely no basis for its removal, and certainly not an objectively reasonable basis. Fees are particularly appropriate since Defendant has sought to delay litigation of Plaintiffs' Complaint, disingenuously obtaining Plaintiffs' consent to an extension to respond, only to file the most bare bones notice of removal in this Court.

Plaintiffs in this case consist of law-abiding gun owners and nonprofit organizations that are simply unable to match the nearly unlimited legal and financial resources that the City of Philadelphia can bring to bear in this case. Having now forced Plaintiffs to appear in this Court and respond to Defendant's frivolous Notice of Removal, Defendant should be required to pay Plaintiffs' cost of doing so.

As the Supreme Court explained, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.... The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party...." *Martin* at 140. Plaintiffs have had to incur significant additional attorneys' fees in unnecessary motions practice and will now have to wait an additional amount of time for this motion to be ruled on, all because of Defendant filing a spurious notice of removal.

In these circumstances, an award of attorneys' fees is undoubtedly appropriate to shift the cost of this unnecessary motions practice to Defendant and to deter other defendants from engaging in such dilatory filing. Indeed, since the judicial system permits state defendants to

16

remove an action to federal court without prior oversight by the courts, the federal courts must carefully guard that process on the back end, in order to avoid such abuses of the system as occurred here – an abuse which likely ensures Defendant a multi-week (or longer) delay in proceedings, simply by the firing off of a baseless filing.  If there is no sanction for conduct such as this, it will incentivize future state defendants to burden the federal courts with similar frivolous removals.

## Conclusion

It is black letter law that a plaintiff is the master of his complaint, and here Plaintiffs expressly disavowed making any federal claim.  Yet Philadelphia attempts to characterize Plaintiffs' Complaint to somehow include a federal question that Plaintiffs have expressly disclaimed, in order to shoehorn Plaintiffs' case into federal court.  In doing so, Philadelphia seeks to avoid having a state court rule on what are quintessentially state constitutional and statutory issues.  This Court should reject Philadelphia's naked attempts to derail Plaintiffs' ability to have their day in court, remand this case to state court where it properly belongs, and require Philadelphia to pay Plaintiffs' fees and costs associated with litigating this removal action.

Dated: June 16, 2021.                         Respectfully submitted,


                                              /s/ James N. Clymer
                                              James N. Clymer, Esq.
                                              Pennsylvania Bar # 27151
                                              Clymer Musser & Sarno, P.C.
                                              408 West Chestnut Street
                                              Lancaster, PA  17603
                                              +1 (717) 299-7101
                                              jim@clymerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, James N. Clymer, counsel for Plaintiff, hereby certify that on this day, I have caused to be filed the foregoing document or pleading with the District Court's ECF which sent a notice and a copy of the foregoing to all counsel of record.

Dated:  June 16, 2021

<i>/s/ James N. Clymer</i><br>James N. Clymer