## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUN OWNERS OF AMERICAN, Inc., et al.,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case Number** |
| **V.** | : | **2:21-cv-02630** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |
| | : | |

### ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, the City of Philadelphia (the "City"), by and through its undersigned counsel, hereby answers Plaintiffs' Gun Owners of America, Inc., Gun Owners Foundation, David Cotugno, Ross Gilson, Vern Lei, and Michael Strollo's ("Plaintiffs") Complaint for Declaratory and Injunctive Relief as follows:

### INTRODUCTION

1.      The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

2.      The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

3.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

4.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

1

5.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

6.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

7.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

8.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

9.      Admitted.

## RELEVANT STATE LAW

*Philadelphia's Ordinance, Bill No. 200593*

10.      It is admitted that Mayor Kenney signed Bill No. 200593 on January 27, 2021. The remaining averments of this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the remaining averments characterize written documents, those characterizations are denied.

11.      The averments of this paragraph, including footnotes 2 and 3 set forth conclusions of law to which no response is required and are therefore denied and/or refer to a written

document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

12.     The quoted statement of Councilmember Johnson is publicly available in writing, and speaks for itself.

13.     The City lacks sufficient information to admit or deny the factual averments of this paragraph, and therefore denies them.  The additional averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and/or refer to a written document, the contents of which speak for itself and to which no response is required. To the extent the remaining averments characterize written documents, those characterizations are denied.

14.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

15.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

16.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

17.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak

for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

18.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

19.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

*Pennsylvania Law*

20.     The averments in this paragraph refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

21.     The averments in this paragraph refer to a written document, the contents of which speak for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

22.     The averments in this paragraph, including in footnote 5 set forth conclusions of law to which no response is required and are therefore denied.

23.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

**ALLEGATIONS**

24.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

25.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

26.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

27.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

28.     The averments in the first sentence of this paragraph set forth conclusions of law to which no response is required and are therefore denied.  The remaining averments in this paragraph refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize the written document, those characterizations are denied.

29.     The averments in this paragraph refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize the written document, those characterizations are denied.  The averments further set forth conclusions of law to which no response is required and are therefore denied.  To the extent any of the averments of this paragraph are factual, the City lacks sufficient information to admit or deny such averments, and therefore denies them.

30.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.  To the extent any of the averments of this paragraph are factual, the City lacks sufficient information to admit or deny such averments, and therefore denies them.

31.     The averments in this paragraph refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize the written document, those characterizations are denied.

32.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.  To the extent any of the averments of this paragraph are factual, the City lacks sufficient information to admit or deny such averments, and therefore denies them.

## COUNTS

### COUNT I – FIREARMS PREEMPTION (18 Pa.C.S. §6120)

33.     The City incorporates the prior paragraphs as if fully set forth herein.

34.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

35.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

36.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

37.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

38.     The averments in this paragraph refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

39.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.  The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

40.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

41.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.  The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

42.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.  The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

43. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied. By way of further response, the City unequivocally denies that it has ignored state law and judicial precedent.

44. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied. The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required. To the extent the averments characterize written documents, those characterizations are denied.

45. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied. The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required. To the extent the averments characterize written documents, those characterizations are denied.

46. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied. The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required. To the extent the averments characterize written documents, those characterizations are denied.

47. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

*COUNT II – ARTICLE I, SECTION 21*

48. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

49. The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

*COUNT III – DUE PROCESS VAGUENESS*

50.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

51.     The City lacks sufficient information to admit or deny the factual averments of this paragraph, and therefore denies them.  The additional averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

52.     The City lacks sufficient information to admit or deny the factual averments of this paragraph, and therefore denies them.  The additional averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and/or refer to a written document, the contents of which speak for itself and to which no response is required.

53.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.  The averments in this paragraph further refer to a written document, the content of which speaks for itself and to which no response is required.  To the extent the averments characterize written documents, those characterizations are denied.

54.     The City lacks sufficient information to admit or deny the factual averments of this paragraph, and therefore denies them.  The additional averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied and/or refer to a written document, the contents of which speak for itself and to which no response is required. To the extent the averments characterize written documents, those characterizations are denied.

55.     The averments in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

**AFFIRMATIVE DEFENSES**

1.     Plaintiffs have failed to state a claim upon which the Court may grant relief.

2.      Plaintiffs have failed to state a claim for violation of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §6120.

3.      Plaintiffs have failed to state a claim for violation of Article 1, Section 21 of the Pennsylvania Constitution.

4.      Plaintiffs have failed to state a claim for due process vagueness.

5.      Plaintiffs' claims are moot.

6.      Plaintiffs' claims are not ripe.

7.      Plaintiffs lack standing.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted defenses and affirmative defenses, the City respectfully requests that the Court:

1.  Dismiss Plaintiffs' claims with prejudice and with no relief to Plaintiffs;

2.  Award the City such relief as the Court deems just and equitable.


June 17, 2021                                          Respectfully submitted,


                                        CITY OF PHILADELPHIA LAW DEPARTMENT
                                        Diana P. Cortes, City Solicitor

                                        By: /s/ Danielle E. Walsh
                                        BENJAMIN FIELD (PA ID No. 204569)
                                        Divisional Deputy City Solicitor
                                        DANIELLE E. WALSH (PA ID No. 312438)
                                        Deputy City Solicitor
                                        Affirmative and Special Litigation Unit
                                        CITY OF PHILADELPHIA LAW DEPARTMENT
                                        1515 Arch Street, 15th Floor
                                        Philadelphia, PA 19102
                                        Phone: (215) 686-0464
                                        *Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Defendants' Notice of Removal and accompanying documents upon all counsel of record via ECF system and the foregoing document is available for viewing and/or downloading pursuant to the Court's ECF system and is served pursuant to FRCP Rule 5(b) and Local Civil Rule 5.1.2.


BY:    <u>*/s/ Danielle E. Walsh*</u>
       Deputy City Solicitor


Dated: June 17, 2021

11